## SCHECKNER v. MILWAUKEE AND PRAIRIE DU CHIEN RAIL-ROAD COMPANY *et al.*

1. **Railroads:** PRESUMPTION. The courts will not presume, in a cause in which it is alleged in the petition that a railroad company is acting wrongfully and illegally, that it is acting under proper license when the same is not alleged in the pleadings.

### *Appeal from Clayton District Court.*

### THURSDAY, DECEMBER 20.

PLAINTIFF is the owner of a lot fronting on Main street in the village of North McGregor, with the improvements thereon, and by his petition charges that defendants have so obstructed said street that it cannot be used by him for access and egress to his lot and improvements, wherefore he claims damages. The substance of his claim as shown by the petition, may be further briefly stated as follows: Main street is a common public highway and street in said village, and until the committing of the grievances, &c., was so used for all purposes of travel, and the only means by which plaintiff could gain access to his said property. Defendants, knowing these facts, but contriving and intending to injure plaintiff, &c., on &c., *wrongfully*, *illegally* and *injuriously* cut and dug and threw up the earth on said street in front of said premises, some three feet higher than it was before, and constructed a bed for a railway thereon, about four feet above the floor in plaintiff's house, &c., by which the street is made entirely unfit for travel, and other wrongs and injuries, &c., all of which are particularly set out. It is further alleged that these damages are special to the plaintiff and not common to the public.

To this petition defendants demurred:

1. Because plaintiff complains of a public nuisance, without setting up any injury not common to the public or to all persons similarly situated.

2. The petition fails to allege damages special, direct or positive or any other than such as are consequential and speculative.

3. It is not averred that defendants did not, as soon as might be, put said street in as good repair and condition as before said alleged occupation and alteration.

This demurrer was sustained, and plaintiff appeals.

*Elijah Odell* and *S. T. Woodward* for the appellant.

*Reuben Noble* and *Thos. Updegraff* for the appellees.

WRIGHT. J.—The third point made by the demurrer indicates very clearly the defendants' version and understanding of plaintiff's claim, and the cause of action contained in the petition. And herein, as the case now stands, is the error of the pleader. For it is evidently based upon the idea that defendants committed the alleged grievances under a license from the town, or under some authority conferred by law or by order of court or inquest of commissioners as contemplated by the statute, in "granting to railway companies the right of way." No such case is before us, however, for the petition does not allege that they were acting by authority of any law. On the contrary, it is expressly alleged that defendants were acting *wrongfully, illegally and injuriously*. If defendants claim that they were acting under a license, inasmuch as the petition itself does not show it, this should be set up by answer; and then its effect and how far it will afford a protection against the alleged injuries can be determined. But against the alle-

1. RAILROADS: presumption.

gations of the petition — taken to be true — it will not do to assume that defendants were engaged in a lawful undertaking, and, therefore, plaintiff has no right to recover, because his injury is not special, or because he does not allege that defendants failed to seasonably put said street in good repair or condition. These inquiries cannot legitimately arise if defendants were acting without authority or illegally and wrongfully (*Freeland* v. *City of Muscatine*, 9 Iowa, 461); and, under such circumstances, though many other persons might suffer in common with plaintiff, this would not defeat his recovery. *Wetmore* v. *Story*, 22 Barb., 414; *Milhard* v. *Sharp*, 17 Id., 445.

This is especially so, when it is remembered that the petition alleges that the damages are special to him and not common to the public. *City of Georgetown* v. *Alexandria Canal*, 12 Pet., 98.

Several questions are discussed by appellees, but they all assume that they were rightfully engaged in making this embankment and laying down the railroad track. The determination of this question depends upon so many matters not now legitimately before us, that we do not deem it proper to enter upon its investigation. Thus, we do not know whether this embankment was in the limits of a municipal corporation; when the town was laid out; under what law; what authority, if any, was obtained from the proper authorities; the nature and extent of defendants' charter, if any; whether this embankment conformed to the grade of the street; whether plaintiff built his house conformably to such grade. All these and many other matters of fact are entirely wanting to an intelligible and safe disposition of the other questions made.

We therefore deem it the better course, as plaintiff has made out a *prima facie* case, to remand the cause, with

leave to defendants to answer and thus raise the questions which they have attempted to present on this record.

Reversed.

The case of Magdalena Scheckner against the same defendants, arises upon the same facts and presents the same questions determined in the foregoing opinion, and for the same reasons is

Reversed.